IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HREAL Company LLC<br>*Plaintiff*,<br><br>v.<br><br>Dena R Hall and De Von Bankett<br>    *Defendants*. | CIVIL ACTION NO.  4:22-cv-3417 |

MOTION TO REMAND

Plaintiff HREAL Company LLC (hereinafter "HREAL") files this Motion to Remand under 28 U.S.C. § 1447(c) and would respectfully show the Court as follows:

INTRODUCTION AND BACKGROUND

1.     This is the third Notice of Removal filed by Defendants, Dena R. Hall and De'Von Bankett to avoid the fact that they have lost their home to foreclosure.

2.     On or about March 3, 2021, HREAL filed a forcible detainer action against Defendants Dena R Hall and all Occupants of 4315 Palmer Plantation, Missouri City, TX 77489 (the "Defendants") seeking possession of the property commonly known as 4315 Palmer Plantation, Missouri City, TX 77489 (the "Property") in the Fort Bend County Justice Court Precinct 4.

3.     The case was appealed to the County Court of Law 5 Fort Bend County, under case number 21-CCV-069075 (the "Eviction Lawsuit").  Court awarded judgment of possession to Plaintiff and on July 14, 2021, granted Plaintiff's request for the issuance of a writ of possession.

4.      On July 9, 2021, Defendants removed the case to this Court based on 24 U.S.C. § 1443. That case was assigned Case No. 4:21-cv-02229, and styled HREAL Company, LLC v. Dena R. Hall and De'Von Bankett, in the United States District Court for the Southern District of Texas, Houston Division. On April 22, 2022, the District Court issued an order remanding the matter to state court. A true and correct copy of the order remanding the case to state court is attached hereto, incorporated herein for all purposes, and marked Exhibit 1.

5.      On July 8, 2022, HREAL filed its Motion to Lift Stay to Issue Writ of Possession and Withdraw Appeal Bond from Registry of the Court, which was set for oral hearing on July 20, 2022. In response, Defendants filed their second notice of removal, which was assigned Case No. 4:22-cv-02389, in the United States District Court for the Southern District of Texas, Houston Division. On August 18, 2022, the District Court issued its Order to Remand the matter back to state court. A true and correct copy of the Order to Remand is attached hereto. Incorporated herein for all purposes, and marked Exhibit 2.

6.      Thereafter, the state court issued a ruling granting HREAL's Motion to Lift Stay to Issue Writ of Possession and Withdraw Appeal Bond from Registry of the Court, ordering the Clerk of the Court to issue a check, payable to HREAL representing the funds deposited into the Registry of the Fort Bend County Court, and set October 21, 2022, for the date when HREAL would be entitled to obtain its writ of possession. In response, Defendants filed this present Notice of Removal,

7.      There are no other pending motions at the time this Motion to Remand is filed.

ARGUMENT AND AUTHORITY

8.      "A federal court is one of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc v. City of*

*Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. §§ 1331, 1332.

    A.    <u>*There is No Federal Jurisdiction over the Eviction Lawsuit*</u>.

9.    Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district courts would have original jurisdiction. For the court to have subject matter jurisdiction over the pursuant action pursuant to § 1331, there must be a federal question involving the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. Any doubts as to the propriety of removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id*.

10.    The sole issue in the Eviction Lawsuit is the superior right of possession to the subject property.  Jurisdiction to hear a forcible detainer action is expressly given to the justice court of the precinct where the property is located. *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 562 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (op. on reh'g) (citing *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984)); see Tex. Prop. Code Ann. § 24.004 (Vernon 2000).  A justice court has exclusive jurisdiction to decide the issue of immediate possession, which may not be infringed upon as long as the justice court determines only possession. *Pinnacle Premier Props., Inc.*, 447 S.W.3d at, 562; *Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.). Although a justice court has exclusive jurisdiction to hear a forcible detainer action, a district court may enjoin the exercise of the justice court's

jurisdiction in a forcible detainer action when there is a showing that the justice court is *without jurisdiction* to proceed in the cause or the defendant has no adequate remedy at law. *McGlothlin*, 672 S.W.2d at 232; *Pinnacle Premier Props., Inc*., 447 S.W.3d at 562.

11.     A forcible detainer action requires proof of a landlord-tenant relationship. *Yarbrough v. Household Fin. Corp*, 455 S.W.3d 270, 280 (Tex. App. – Houston [14th Dist.] 2105, no pet). Although such a relationship is not a prerequisite to jurisdiction, the lack of such a relationship indicates that the case may present a title issue. *Id.*; *Pinnacle Premier Props., Inc*., 447 S.W.3d at 564 n.9. The Constable's Deed at issue this case created the landlord-tenant relationship between Plaintiff and Defendant to proceed with the Eviction Lawsuit. "Tenant-at-sufferance clauses separate the issue of possession from the issue of title." *Pinnacle Premier Props., Inc*., 447 S.W.3d at 564. "Under these provisions, a foreclosure sale transforms the borrower into a tenant at sufferance who must immediately relinquish possession to the foreclosure-sale purchaser." *Id*. In essence, a tenancy-at-sufferance clause creates a landlord-tenant relationship when the property is foreclosed. *See Yarbrough*, 455 S.W.3d at 280. The only issue to be resolved in a forcible detainer action is the right to immediate possession of property; the merits of title are not adjudicated. *Espinoza v. Lopez*, 468 S.W.3d 692, 695 (Tex. App. – Houston [14th Dist.] 2015, no. pet.); *Yarbrough*, 455 S.W.3d at 280.

12.     The Eviction Lawsuit is a matter of state law, and there is no federal question jurisdiction. Therefore, the matter should be remanded to state court for proceedings consistent with applicable state law.

    B.     <u>*Defendant has not established the right to removal*</u>

13.     Defendants, claim the Defendants' rights under the United States and Texas Constitutions specifically, the Due Process Clause of the 14th Amendment to the United States

Constitution, the Due Course of Law Provision of Article I, Section 19 of the Texas Constitution, the Takings Clause of the 5th Amendment to the United States Constitution and the Takings Clause of Article I, Section 17 of the Texas Constitution have been violated. These are substantially the allegations raised in the two prior removal actions. As the District Court stated in its Order to Remand, "[t]he court only looks to HREAL's complaint in determining jurisdiction. Other claims that Hall and Bankett may have raised in response are counterclaims – not a separate complaint that is considered. Counterclaims cannot support this court's jurisdiction even if the may raise federal questions." See, Exhibit 2, Page 2 (*citing Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

14. Under the Texas Rules of Civil Procedure, the only issue in cases of forcible detainer under the Texas Property Code is "the right to actual possession" Tex. R. Civ. P. 510.3(c).

15. A civil action filed in state court may be removed to a federal district court that has original jurisdiction founded on a claim arising under the Constitution or laws of the United States. 28 U.S.C. § 1441(b). However, a federal court has original or removal jurisdiction only "if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir.2002). It is not sufficient for the federal question to be raised in the answer or in the petition for removal. *Id.*; *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009), The Fifth Circuit has determined that such an attempt to circumvent the jurisdiction of the county court in forcible detainer proceedings is improper. In *Potts*, the complaint filed in the state court was a simple suit to evict arising under state law. *Potts*, 322 F. App'x at 380; see also Tex. Prop.Code Ann. § 24.0051. The Court noted,

"the complaint provided no basis for federal question jurisdiction. The fact that [plaintiff] brought up possible federal question claims in [the] answer… cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action. In light of the lack of federal jurisdiction, [plaintiff] cannot raise any nonfrivolous issues arising out of this case." *Id.*

16. The facts of *Potts* are identical to those at hand. Defendants cannot remove this matter to federal court because there is no federal question relating to the forcible detainer action in state court. *See Id*. The Northern District agreed that there is no federal question subject matter jurisdiction when a forcible detainer proceeding is removed to federal court. *See Wells Fargo Bank v. Matts,* 2012 U.S. Dist. LEXIS 176537, *13, 2012 WL 6208493 (N.D. Tex. Dec. 13, 2012) (Lindsay, J.) ("a defense that raises a federal claim or issue is insufficient to confer jurisdiction on a district court."). *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986)("A defense that raises a federal question is inadequate to confer federal jurisdiction"). Thus, this case must also be remanded to the county court at law.

C. *There is No Diversity of Citizenship.*

17. Additionally, HREAL is incorporated in and its principal place of business is in Texas; Hall and Blankett are Texas residents. Because the parties are not diverse, it does not support this Court having jurisdiction over the claims.

## CONCLUSION

11. Removal of the present action to federal court was improper. Defendant has not established removal jurisdiction in the present action because there is no federal question jurisdiction arising out of a state court forcible detainer suit. Federal question defenses are not enough to grant jurisdiction upon this Court.

WHEREFORE, Plaintiff prays that the Court grant its motion, remand this suit to the state county court where it was originally filed, and award plaintiff court costs, expenses, and attorney's fees.

BARRY & SEWART. PLLC

__/s/ John V. Burger_____
David W. Barry, SBN: 01835200
Anna C. Sewart, SBN: 24029832
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650

BARRY & SEWART, PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tel. (713) 722-0281
Fax. (713) 722-9786
Email:  johns@barryandsewart.com
            acsewart@barryandsewart.com

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon the following pursuant to the Federal Rules of Civil Procedure on this the 6th day of October, 2022:

De Von Bankett, Pro Se
Dena R. Hall
4315 Palmer Plantation
Missouri City, TX 77489

    Via Email:    devonbankett@gmail.com

        */s/ John V. Burger*
        John V. Burger